UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIE M. GARELLI, | : | **CASE NO. 3:11-CV-2326** |
| | : | |
| Plaintiff | : | (Magistrate Judge Smyser) |
| | : | |
| v. | : | |
| | : | |
| AMERICAN CANCER SOCIETY-<br>EAST CENTRAL DIVISION, INC., | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION**

**Background and Procedural History**.

The complaint was filed on December 15, 2011. An amended complaint (Doc. 9) was filed. The defendant filed a motion to dismiss the amended complaint. The motion to dismiss has been briefed; a brief in support and a brief in opposition were filed.

The claims are claims of hostile environment sexual harassment and *quid pro quo* sexual harassment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

*seq.*, and a claim of retaliation against the plaintiff for exercising her Title VII rights.

**The Amended Complaint**.

The amended complaint (Doc. 9) alleges that plaintiff Jennifer M. Garelli is employed by defendant American Cancer Society-East Central Division, Inc.  Her job is Community Cancer Control Specialist.  James Kane is the Director of Income Development.  Kane directly assigned work responsibilities to Garelli, and he was under the direct supervision of Regional Vice President JoAnn Sessa, who had authority to take positive or negative actions affecting Garelli's employment and career.

In November of 2010, Kane texted Garelli and asked her where she was.  She told Kane where she was and that she was having dinner. He asked her whether he could stop over.  She told him no.  But he showed up, 15 minutes later.  He was clearly intoxicated, and he pulled Garelli without her consent into a hug.  He tried to order a beer for her, and he talked about work.  He complimented her work performance.  He told her

that everyone in the office thought that she was ambitious.  He told her that everyone thought that she was sexually involved with him.  She was shocked by that statement.  He told her that he could have sex with her if he wanted.  He complimented her upon her physical appearance.  He disparaged her boyfriend.  He told her that if she were to sleep with him he could make things better for her in the workplace.  He told her that she was not well liked by fellow workers and that if she were to sleep with him he could ensure that she would be well liked.

     Garelli believed that Kane could influence Sessa as to matters affecting her career.  Garelli rejected all advances by Kane.

     Garelli's Director and Supervisor is Jim Mathieson.  Garelli reported Kane's conduct to Mathieson.  Mathieson instructed her to contact Human Resources.  On November 17, 2010 Garelli met with Sessa and Michelle Ricks, a Human Resources representative.  Garelli was told that the incident did not constitute sexual harassment because she "did not properly say no" and that she would be terminated if she talked

about the incident to anyone. Ricks told Garelli that directors such as Kane and the employees were encouraged to socialize. Ricks characterized Kane's conduct as socialization. Garelli felt that Ricks implicitly pressured her to undergo future harassment.

After the November 17, 2010 meeting, Garelli was "pulled into a retaliatory and harassing meeting with Ricks", at least once a month for three months. Ricks laughed at her and mocked her. Ricks berated her. Ricks told her that it was her fault that Kane had harassed her. Ricks yelled at her. Ricks caused her to cry.

Kane was prohibited by the defendant from any interaction with Garelli. This was done by the employer in an effort to make Garelli's job more difficult. But, also, Ricks and Sessa attempted to force Garelli to interact and to meet with Kane to discuss professional conduct. She refused to meet with Kane. She was badgered and intimidated by Sessa and Ricks.

Garelli's work performance became difficult. She had previously had daily interactions with Kane. Now the defendant was deliberately creating obstacles to her performance of her fundraising obligations.

Ricks badgered Garelli and laughed at her on a regular basis. Garelli suffered emotional distress. It was difficult for her to go to work.

The amended complaint contains a count of hostile workplace environment sexual harassment, a count of *quid pro quo* sexual harassment, and a count of retaliation. Each count is brought under Title VII of the Civil Rights Act of 1964.

**Discussion**.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted brought pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*   The factual detail

necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

The amended complaint alleges a brief episode of offensive conduct by a male employee interacting away from the workplace with a female employee.  The conduct as alleged included an unwelcome and unwanted sexual proposition and statements implying that the success or failure of the plaintiff in the workplace would be affected by the plaintiff's election to or not to fulfill the offensive requests of the male employee.

The amended complaint may be construed to state a claim that one or more of the plaintiff's superiors in the defendant employer organization did not accept the plaintiff's characterization of the conduct as sexual harassment, and that they caused her to be subjected to negative workplace conditions for having reported the incident.

An actionable claim of hostile work environment sexual harassment requires a showing of harassment that is so severe or pervasive that it alters the conditions of the person's employment and creates an abusive working environment. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270-271 (2001). The plaintiff's amended complaint does not describe harassment that was pervasive.  The alleged interaction with Kane was a single incident.  The subsequent meetings with Sessa and Ricks are not reasonably seen to have constituted severe and pervasive harassment.

A cause of action of *quid pro quo* sexual harassment has as an element that a request for sexual favors has been explicitly or implicitly made a term or condition of employment. *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 27 (3d Cir. 1997). The plaintiff's claim involves no actual adverse employment action against her based upon her declination of the other employee's advances, no threat of an adverse employment action against her for declining, and no implicit or explicit promise of any particular positive employment action. Kane's implicit promise to cause positive employment actions, linked

9

to Kane's purported ability to influence Sessa, does not reasonably support a plausible inference that sexual favors had been made a condition of Garelli's employment.

The plaintiff's complaint does allege facts that, if found true, could be found by the fact finder to establish that she was retaliated against for engaging in protected activity. A cause of action for retaliation must include a showing of an adverse employment action. *Moore v. City of Philadelphia,* 461 F.3d 331 (3d Cir. 2006). It is plausible that the meetings with Ricks, involving badgering and berating of the plaintiff by Ricks, may be found to constitute an adverse employment action even though, as we stated above, they did not amount to severe or pervasive harassment and did not alter the conditions of her employment.

The amended complaint does not state a claim upon which relief can be granted of a hostile work environment sexual harassment or *quid pro quo* sexual harassment. It does state a claim upon which relief can be granted of retaliation against

the plaintiff for exercising her right to report a claim of sexual harassment.  Accordingly, it will be ordered that the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted will be granted in part and denied in part.  A separate order will be entered.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  May 31, 2012.